No. 13-5147

(consolidated with Nos. 13-5150 and 13-5151)

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

STATE OF ALASKA, et al.

Appellants,

v.

UNITED STATES OF AMERICA, et al.

Appellees.

Appeal from the District Court for the District of Columbia

## APPELLANTS' JOINT OPENING BRIEF

Thomas E. Lenhart
Assistant Attorney General
Alaska Department of Law
PO Box 110300
Juneau, AK 99811-0300
(907) 465-5370
tom.lenhart@alaska.gov
*Counsel for State of Alaska*

Dario Borghesan
Assistant Attorney General
Alaska Department of Law
1031 W. Fourth Avenue #200
Anchorage, AK 99501
(907) 269-5232
dario.borghesan@alaska.gov
*Counsel for State of Alaska*

Steven W. Silver
Robertson Monagle and Eastaugh
1810 Samuel Morse Drive, Suite 202
Reston, VA 20190
(703) 527-4414
ssilver628@aol.com
*Counsel for Alaska Electric
Light & Power*

Julie A. Weis
HAGLUND KELLEY HORNGREN
JONES & WILDER LLP
200 SW Market Street, Suite 1777
Portland, OR 97201
(503) 225-0777
weis@hk-law.com
*Counsel for Alaska Forest
Association*

James F. Clark, III
1109 C Street
Juneau, AK 99801
(907) 586-0122
*Counsel for Alaska Electric
Light & Power*

Mark C. Rutzick
MARK C. RUTZICK, INC.
12402 Myra Virginia Court
Oak Hill, VA 20171
(703) 870-7347
*Counsel for Alaska Forest
Association*

## CERTIFICATE AS TO PARTIES, RULINGS, AND RELATED CASES

Pursuant to District of Columbia Court of Appeals Rule 28(a)(1) appellants state as follows:

**A.    Parties and Amici.**

**Appellants** are the State of Alaska (case 13-5147), Alaska Electric Light & Power, Alaska Marine Lines, Inc., Alaska Miners Association, Alaska Power & Telephone, Citizen's Pro Road, City of Craig, City of Ketchikan, Durette Construction Company, Inc., First Things First Foundation, Chris Gerondale, Hyak Mining Co., Inc., Inside Passage Electric Cooperative, Juneau Chamber of Commerce, Ketchikan Gateway Borough, Northwest Mining Association, Southeast Roadbuilders, Inc. and Southeast Stevedoring Corp. (case 13-5150), Alaska Forest Association, Southeast Conference (case 13-5151). **Intervenor-Plaintiff** is Southeast Alaska Power Agency. **Appellees** are The United States Department of Agriculture, The United States Department of Agriculture Forest Service, Tom Vilsack, in his official capacity as Secretary of Agriculture, Tom Tidwell in his official capacity as Chief of the United States Forest Service. **Intervenor-Appellees** are Southeast Alaska Conservation Council, Alaska Center for the Environment, The Boat Company, Tongass Conservation Society, Sierra Club, The Wilderness Society, Natural Resources Defense Council, Greenpeace,

Defenders of Wildlife, Center for Biological Diversity. The appellants are not aware of any other parties or *amici*.

**B.    Rulings under review.**

These appeals seek review of the March 25, 2013 (date of docketing) Order and Memorandum Opinion of Judge Richard J. Leon of the District Court for the District of Columbia in *State of Alaska, et al. v. United States Department of Agriculture, et al.* made final in the order docketed on March 25, 2013. J.A. 281.

**C.    Related cases.**

The appellants are not aware of any cases related to these consolidated appeals.

## CORPORATE DISCLOSURE STATEMENTS FOR APPELLANTS REQUIRED PURSUANT TO FED. R. APP. P. 26.1

Appellants the Alaska Forest Association, Inc. (AFA) and the Southeast Conference are Alaska nonprofit corporations that do not issue shares to the public or have subsidiaries that issue shares to the public.

Appellants Alaska Electric Light & Power, DuRette Construction Company, Inc., Alaska Marine Lines, Inc., Southeast Stevedoring Corporation, Southeast Roadbuilders, Inc., and Hyak Mining Co., Inc. are privately held corporations. Alaska Power & Telephone is an employee owned corporation. Alaska Miners' Association, Northwest Mining Association, Citizens Pro Road, First Things First Foundation, Juneau Chamber of Commerce, and Inside Passage Electric Cooperative are non-profit corporations or cooperatives. The City of Ketchikan d/b/a Ketchikan Public Utilities, the Ketchikan Gateway Borough, and the City of Craig are Alaska Municipal Corporations. Chris Gerondale is a private citizen.

No member of this appellant group has a parent corporation and no publicly held corporation has any form of ownership interest in any of these appellants.

Appellant State of Alaska is not subject to Corporate disclosure.

## TABLE OF CONTENTS

CERTIFICATE AS TO PARTIES, RULINGS, AND RELATED CASES ........................ i

    A.    Parties and Amici. ................................................................................ i

    B.    Rulings under review. ......................................................................... ii

    C.    Related cases. ...................................................................................... ii

CORPORATE DISCLOSURE STATEMENTS FOR APPELLANTS REQUIRED
PURSUANT TO FED. R. APP. P. 26.1 .................................................................... iii

TABLE OF CONTENTS ........................................................................................ iv

GLOSSARY ............................................................................................................ vi

TABLE OF AUTHORITIES ................................................................................ vii

JURISDICTIONAL STATEMENT ....................................................................... 1

STATEMENT OF ISSUES PRESENTED ........................................................... 1

STANDARD OF REVIEW ..................................................................................... 1

STATEMENT OF THE CASE ............................................................................... 2

    I.    Introduction. ....................................................................................... 2

    II.    Statement of facts. .............................................................................. 4

    III.    Summary of argument. ....................................................................... 8

ARGUMENT .......................................................................................................... 12

    I.    28 U.S.C. § 2401(a)'s six-year limitations period may be equitably
        tolled. ................................................................................................. 12

        A.    Section 2401(a) is a non-jurisdictional statute of limitations
            subject to equitable tolling. ...................................................... 13

            1.    Filing deadlines, like other procedural rules, are
                considered non-jurisdictional unless Congress clearly
                states otherwise. ............................................................... 13

2.      Section 2401(a)'s text does not clearly state it is jurisdictional. ...................................................................15

3.      The context surrounding § 2401(a) confirms that it is not jurisdictional. ...................................................................20

B.      The Forest Service cannot rebut the presumption that § 2401(a) allows equitable tolling. .........................................................24

II.      The State's lawsuit is timely because its complaint was filed less than six years after its right of action first accrued. ....................................28

CONCLUSION ...........................................................................................33

CERTIFICATE OF COMPLIANCE WITH RULE 32 (A) ..............................................36

CERTIFICATE OF SERVICE ..........................................................................37

# GLOSSARY

This brief uses the following abbreviations and acronyms not in common use:

ANILCA—Alaska National Interest Lands Conservation Act

ANPR—Advance Notice of Proposed Rulemaking

ESA—Endangered Species Act

NEPA—National Environmental Policy Act

SEACC—Southeast Alaska Conservation Council

TTRA—Tongass Timber Reform Act

# TABLE OF AUTHORITIES

## CASES

*Appalachian Power Co. v. E.P.A.*,

    251 F.3d 1026 (D.C. Cir. 2001)................................................................3, 29

*Appalachian Voices et al. v. McCarthy*,

    Civ. Action 12-0523, 2013 WL 5797633 (D.D.C. Oct. 29, 2013)...............33

*Arbaugh v. Y & H Corp.*,

    546 U.S. 500 (2006)..............................................................................10, 16

*Baxter v. U.S.*,

    451 Fed. Appx. 868 (11th Cir. 2012) ...........................................................3

*Bowen v. City of New York*,

    476 U.S. 467 (1986).................................................................................15, 25

*Bowles v. Russell*,

    551 U.S. 205 (2007)......................................................................15, 23, 24, 25

*Burnet v. Coronado Oil & Gas Co.*,

    285 U.S. 393 (1932)......................................................................................24

*California v. U.S. Dep't of Agric.*,

    459 F.Supp.2d 874 (N.D. Cal. 2006)...........................................................5

*California ex.rel. Lockyer v. U.S. Dep't of Agric.*,

    575 F.3d 999 (9th Cir. 2009) .......................................................................6

*Cedars-Sinai Med. Ctr. v. Shalala*,

    125 F.3d 765 (9th Cir. 1997) .......................................................................2

\*Authorities upon which we chiefly rely are marked with asterisks.

*Chung v. U.S. Dep't of Justice*,

    333 F.3d 273 (D.C. Cir. 2003)....................................................................28

*Clymore v. U.S.*,

    217 F.3d 370 (5th Cir. 2000) ......................................................................3

*\*Felter v. Kempthorne*,

    473 F.3d 1255 (D.C. Cir. 2007)...............................................................2, 3

*Franconia Associates v. United States*,

    536 U.S. 129 (2002)...................................................................................22

*Gonzalez v. Thaler*,

    131 S. Ct. 641 (2012).............................................................................9, 15

*Griffin v. Oceanic Contractors, Inc.*,

    458 U.S. 564 (1982)...................................................................................32

*Harris v. FAA*,

    353 F.3d 1006 (D.C. Cir. 2004)..................................................................3

*Henderson ex rel. Henderson v. Shineski*,

    131 S. Ct. 1197 (2011)................................9, 15, 16, 18, 23, 25

*\*Holland v. Florida*,

    560 U.S. 631, 130 S. Ct. 2549 (2010) ....................................2, 10, 25, 26, 27

*\*Irwin v. Dep't of Veterans Affairs*,

    498 U.S. 89 (1990)................................ 2, 3, 10, 14, 19, 20, 22, 25

*\*John R. Sand & Gravel v. United States*,

    552 U.S. 130 (2008).........................................................................15, 23, 24

*Kendall v. Army Bd. for Correction of Military Records*,

 996 F.2d 362 (D.C. Cir. 1993)....................................................................26

*Kontrick v. Ryan*,

 540 U.S. 443 (2004)...............................................................................15

*Kwai Fun Wong v. Beebe*,

 732 F.3d 1030 (9th Cir. 2013) ...................................................................18

*Marley v. U.S.*,

 567 F.3d 1030 (9th Cir. 2009) ....................................................................3

*Miller v. French*,

 530 U.S. 327 (2000)...............................................................................25

*Muwekma Ohlone Tribe v. Salazar*,

 708 F.3d 209 (D.C. Cir. 2013)...................................................................33

*Nat'l Treasury of Employees Union v. Fed. Labor Relations Auth.*,

 392 F.3d 49 (D.C. Cir. 2004).....................................................................33

*Organized Village of Kake v. U.S. Dep't of Agric.*,

 776 F.Supp.2d 960 (D. Alaska 2011) .............................................................6

*P & V Enters. v. U.S. Army Corps of Engineers*,

 516 F.3d 1021 (D.C. Cir. 2008)........................................................11, 29, 31

*PanAmSat Corp. v. FCC*,

 198 F.3d 890 (D.C. Cir. 1999)..................................................................3, 29

*Pub. Citizen v. Nuclear Reg. Comm'n*,

 901 F.2d 147 (D.C. Cir. 1990)................................................................11, 29

*Reed Elsevier, Inc. v. Muchnick,

    559 U.S. 154 (2010)..................................................................16, 19, 21

*Scarborough v. Principi,

    541 U.S. 401 (2004)..............................................................15, 22, 24, 25

*Sebelius v. Auburn Regional Med. Ctr.,

    133 S. Ct. 817 (2013)...................................... 9, 10, 15, 16, 17, 21, 23, 24, 25

Soriano v. United States,

    352 U.S. 270 (1957)..................................................................20, 22

*Spannaus v. U.S. Dep't of Justice,

    824 F.2d 52 (D.C. Cir. 1987)...................................... 2, 8, 12, 13, 14, 22, 32

Union Pacific R. Co. v. Brotherhood of Locomotive Engineers and Trainmen
General Committee of Adjustment, Central Region,

    558 U.S. 67 (2009).........................................................................18

United States v. Beggerly,

    524 U.S. 38 (1998).........................................................................27

United States v. Brockamp,

    519 U.S. 347 (1997).......................................................................27

Wyoming v. U.S. Dep't of Agric.,

    277 F.Supp.2d 1197 (D. Wyo. 2003) .............................................4

Wyoming v. U.S. Dep't of Agric.,

    414 F.3d 1207 (10th Cir. 2005) ...................................................5

Young v. United States,

    535 U.S. 43 (2002).........................................................................26

**STATUTES**

16 U.S.C. § 559 ...................................................................................................7

16 U.S.C. § 1131 .................................................................................................6

16 U.S.C. § 3101 .................................................................................................6

17 U.S.C. § 411 .................................................................................................19

28 U.S.C. § 1291 .................................................................................................1

28 U.S.C. § 1331 .............................................................................................1, 17

28 U.S.C. § 1332 ...............................................................................................17

28 U.S.C. § 1334 ...............................................................................................17

28 U.S.C. § 1361 .................................................................................................1

*28 U.S.C. § 2401 ......................... 1, 2, 3, 7, 8, 9, 10, 11, 12, 13, 14, 16, 18, 19, 20, 21, 22, 24, 25, 26, 27, 28, 29, 32, 34

28 U.S.C. § 2409 ...............................................................................................27

28 U.S.C. § 2412 ...............................................................................................22

28 U.S.C. § 2501 .........................................................................................19, 20, 23

42 U.S.C. § 2000e-16(c) ....................................................................................19

**FEDERAL REGISTER NOTICES**

66 Fed. Reg. 3244 (January 12, 2001) ...............................................................4

66 Fed. Reg. 8899 (February 5, 2001) ...............................................................4

66 Fed. Reg. 35918 (July 10, 2001) ..........................................................4, 10, 28

68 Fed. Reg. 41864 (July 15, 2003) ....................................................5, 10, 28, 29

68 Fed. Reg. 75136 (Dec. 30, 2003) ............................................................5, 29

70 Fed. Reg. 25654 (May 13, 2005) ..........................................................5, 11, 29, 30

**COURT RULES**

Fed. R. Civ. P. 12 ................................................................................1, 7

**OTHER AUTHORITIES**

Black's Law Dictionary ...........................................................................18

## JURISDICTIONAL STATEMENT

The State invoked the jurisdiction of the district court pursuant to

28 U.S.C. § 1331 and 28 U.S.C. § 1361. J.A. 21. The Alaska Forest Association,

the Southeast Conference, Alaska Electric Light & Power (along with sixteen other

Southeast Alaska entities) and the Southeast Alaska Power Agency intervened as

plaintiffs, and the Southeast Alaska Conservation Council intervened as a

defendant. J.A.75. The Honorable Judge Richard J. Leon dismissed the action for

lack of jurisdiction based on the statute of limitations set forth in

28 U.S.C. § 2401(a). J.A. 289. The State timely filed its notice of appeal on

May 16 2013 J.A. 291. This Court has jurisdiction under 28 U.S.C. § 1291.

## STATEMENT OF ISSUES PRESENTED

1.     Does the general statute of limitations claims against the United

States, 28 U.S.C. § 2401(a), permit equitable tolling?

2.     When a federal district court invalidated a regulation and as a remedy

revived an older regulation that the agency had repealed, did it start a new

limitations period for challenging the revived regulation?

## STANDARD OF REVIEW

This is an appeal from a district court decision dismissing the complaint for

lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). JA 287 –

88. This Court reviews *de novo* the district court's grant of a motion to dismiss for

lack of subject-matter jurisdiction. *See Felter v. Kempthorne,* 473 F.3d 1255, 1259 (D.C. Cir. 2007)

## STATEMENT OF THE CASE

### I.     Introduction.

This case presents an important and recurring issue that has divided other circuits:  whether the general statute of limitations for claims against the United States, 28 U.S.C. § 2401(a), is a non-jurisdictional claim-processing rule that may be equitably tolled, or a jurisdictional bar that is never subject to equitable extension. Before the United States Supreme Court's 1990 decision in *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89 (1990), this court considered the statute to be jurisdictional in nature and thus not susceptible to equitable exceptions. *Spannaus v. U.S. Dep't of Justice*, 824 F.2d 52, 55 (D.C. Cir. 1987). *Irwin* signaled a fundamental change in the Supreme Court's approach to determining whether statutes of limitation against the government may be equitably tolled, conferring a "rebuttable presumption in favor of equitable tolling," on all such statutes. *Holland v. Florida*, 560 U.S. 631, 130 S.Ct. 2549, 2552 (2010). Subsequently, other circuits have reached conflicting decisions on the status of § 2401(a), with the Fifth and Ninth Circuits holding that the statute is non-jurisdictional and equitable tolling is available, and the Eleventh Circuit holding that the statute is jurisdictional. *See Cedars-Sinai Med. Ctr. v. Shalala*, 125 F.3d 765, (9th Cir. 1997) (holding

2

equitable tolling is permitted under § 2401(a)); *Marley v. U.S.* 567 F.3d 1030, 1036-37 (9th Cir. 2009) (same); *Clymore v. U.S.*, 217 F.3d 370, 374 (5th Cir. 2000) (same). *But see Baxter v. U.S.,* 451 Fed Appx. 868, 870 (11th Cir. 2012) (holding that § 2401(a) is jurisdictional and could not be waived). This Court has twice acknowledged, without deciding, that its earlier ruling terming § 2401(a) jurisdictional may not have survived *Irwin* and the many subsequent Supreme Court rulings on the subject. *Felter v. Kempthorne*, 473 F.3d 1255, 1260 (D.C. Cir. 2007); *Harris v. FAA*, 353 F.3d 1006, 1013 n.1 (D.C. Cir. 2004). This case presents an opportunity for the Court to decide that question.

But even if the Court decides that § 2401(a) does not permit tolling, Alaska's complaint is still timely under the unique circumstances of this case. This case involves a challenge to an agency rule with a checkered history—enjoined nationwide, repealed entirely and replaced with a new rule, and then reinstated by a district court injunction. The agency's process of reconsidering and repealing the rule, culminating with the rule's reinstatement, creates a new right of action that resets the statute of limitations. *Cf. Appalachian Power Co. v. E.P.A*, 251 F.3d 1026, 1033 (D.C. Cir. 2001) ("[I]f an agency's response to comments 'explicitly or implicitly shows that the agency actually reconsidered the rule, the matter has been reopened,' " starting anew the limitations period." (quoting *PanAmSat Corp. v. FCC*, 198 F.3d 890, 897 (D.C. Cir. 1999) (emphasis removed)). Because the

appellants' complaint was filed within this new limitations period, the claims should be held timely.

## II.    Statement of facts.

On January 12, 2001, the United States Forest Service, a division of the United States Department of Agriculture, adopted a rule prohibiting most road construction, logging, mineral leasing, and new utility transmission lines that require roads within 58 million acres of "roadless areas" in national forests across the United States. Special Areas; Roadless Area Conservation, 66 Fed. Reg. 3244, 3245 (Jan. 12, 2001). The January 12, 2001 Roadless Rule was to become effective on March 12, 2001. The State of Alaska, which has within its boundaries two national forests with a combined 14.7 million acres classified as "roadless areas," J.A. 41, filed a lawsuit on January 31, 2001 challenging the validity of this so-called "Roadless Rule." J.A. 20.

The newly-installed Bush administration delayed the effective date of the Roadless Rule for 60 days, to May 12, 2001. Special Areas; Roadless Area Conservation: Delay of Effective Date, 66 Fed. Reg. 8899 (Feb. 5, 2001). The Roadless Rule became effective on May 12, but the Forest Service quickly began work on a different rule intended to supersede the Roadless Rule. National Forest Sys. Land and Resource Mgmt. Planning; Special Areas; Roadless Area Conservation, 66 Fed. Reg. 35918 (July 10, 2001). The Roadless Rule was also

4

challenged in other jurisdictions; on July 14, 2003 the Federal District Court in Wyoming permanently enjoined the Roadless Rule nationwide. *Wyoming v. U.S. Dept. of Agric.,* 277 F. Supp. 2d 1197, 1239 (D. Wyo. 2003).

In 2003 Alaska settled its lawsuit with the Forest Service. J.A. 57 – 59. As part of the settlement, the Forest Service adopted a temporary rule in 2003 exempting the Tongass National Forest from the application of the Roadless Rule (the "Tongass Exemption"), Special Areas, Roadless Area Conservation; Applicability to the Tongass Nat'l Forest, Alaska, 68 Fed. Reg. 75136 (Dec. 30, 2003), and published advance notice of proposed rulemaking (ANPR) to permanently exempt both the Tongass and Chugach National Forests from the Roadless Rule, National Forest Sys. Land and Resources Mgmt. Planning; Roadless Area Conservation, 68 Fed. Reg. 41864 (Jul. 15, 2003). On May 13, 2005 the Forest Service adopted a new rule (the "State Petitions Rule") that repealed the Roadless Rule entirely. Special Areas; State Petitions for Inventories Roadless Area Mgmt., 70 Fed. Reg. 25654, 25655 – 66 (May 13, 2005). The Forest Service explained that the State Petitions Rule "thus negates the need for the further Tongass-specific rulemaking anticipated by the 2003 rule." *Id.* at 25659. In response to the Roadless Rule's repeal, the Tenth Circuit vacated the nationwide injunction the Wyoming district court had issued and dismissed the appeal of that

case as moot. *Wyoming v. U.S. Dep't of Agric.*, 414 F.3d 1207, 1213 (10th Cir. 2005).

The relief provided by the repeal of the Roadless Rule was short-lived. On September 20, 2006, the Federal District Court for the Northern District of California ruled the State Petitions Rule invalid on the ground that the Forest Service had failed to comply with procedural requirements of the National Environmental Policy Act (NEPA) and the Endangered Species Act (ESA). *California v. U.S. Dep't. of Agric*., 459 F. Supp. 2d 874, 909, 912 (N.D. Cal. 2006). As a remedy, the California court reinstated the Roadless Rule nationwide, still subject to the rule temporarily exempting the Tongass National Forest. *Id.* at 919. In 2009, the Ninth Circuit affirmed the district court decision and the remedy of reinstating the Roadless Rule. *California ex.rel. Lockyer v. U.S. Dep't of Agric,* 575 F.3d 999, 1019 – 20 (9th Cir. 2009).

Then on April, 2011, the Federal District Court for Alaska struck down the Tongass Exemption. *Organized Village of Kake v. U.S. Dep't of Agric*, 776 F. Supp. 2d 960, 976 (D. Alaska 2011). With the benefit of its 2003 settlement with the Forest Service completely gone and its national forests once again subject to the full force of the Roadless Rule, the State promptly filed a new challenge to the Roadless Rule in the U.S. District Court for the District of Columbia on June 17, 2011. J.A. 20. The State's complaint alleged both that the rulemaking process was

procedurally flawed and that the rule itself is substantively unlawful. J.A. 40 – 51.

It violates the Alaska National Interest Lands Conservation Act of 1980

(ANILCA), 16 U.S.C. § 3101 et seq., contravening the careful balance Congress

struck between conservation and development of Alaska's lands. J.A. 40. It

violates the Wilderness Act, 16 U.S.C. § 1131 et seq., by creating a de facto

wildernesss area without Congress's authorization to do so. J.A. 43. And it violates

the Tongass Timber Reform Act (TTRA), 16 U.S.C. § 559(d)—in making 90% of

Tongass lands off-limits to logging, it eliminates the Forest Service's ability to

offer sufficient timber for sale from the Tongass to meet market demand, as

required by Congress. J.A. 41. Once again, industry groups intervened in support

of the State, and conservationists (through the Southeast Alaska Conservation

Council (SEACC)) intervened in support of the Forest Service. J.A. 75 – 78.

    The Forest Service moved to dismiss the case for lack of subject-matter

jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). Forest Service Mot. to Dismiss,

Dkt. 45. The Forest Service recognized the harshness of dismissing the State's

claims given the extraordinary circumstances, but argued that the governing statute

of limitations, 28 U.S.C. § 2401(a), was jurisdictional and did not permit the Court

to toll its six-year limitations period. Memo. in Support, Dkt 45-1, p. 7. SEACC,

by contrast, moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), conceding that

equitable tolling is available under § 2401(a) but arguing that tolling is not

justified. SEACC Mot. to Dismiss, Dkt. 46, p. 15. The State and plaintiff-

interveners (collectively, the "State") argued that under the unusual facts of this

case the limitations period should be equitably tolled from January 31, 2001,

through September 20, 2006, during the periods of the State's first lawsuit and

settlement, the nationwide injunction of the Roadless Rule by the Wyoming court,

and the Forest Service's repeal of the Roadless Rule, and that the suit is timely if

such tolling were to be granted. Joint Opp. to Mot. to Dismiss, Dkt. 51, p. 8. It also

argued that a new limitations period began when the California district court

reinstated the formerly repealed Roadless Rule in 2006. *Id.* at 7.

On March 21, 2013, without determining if equitable tolling would render

Alaska' case timely, the district court dismissed the case for lack of subject-matter

jurisdiction in reliance on *Spannaus v. United States Department of Justice*, which

termed section § 2401(a) jurisdictional. J.A. 281. The district court noted

uncertainty over the continuing validity of this decision in light of more recent

United States Supreme Court decisions but determined it was bound by *Spannaus*.

J.A. 286 – 87. The State timely appealed. J.A. 291.

## III.    Summary of argument.

The State's complaint is timely under § 2401(a) even though filed more than

six years after the Roadless Rule was first adopted. The State promptly challenged

the Roadless Rule less than a month after it was first adopted. J.A. 162, 193. With

8

its successful settlement, the nationwide injunction of the Roadless Rule, and the May 2005 repeal of the Roadless Rule, the State had no reason or right to challenge the Roadless Rule again until a California district court issued an injunction reinstating the Roadless Rule in September 2006. In light of these unusual circumstances and the State's diligence in attempting to protect its legal rights, the limitations period should be tolled from the date the State initially filed suit to the date of the reinstatement of the Roadless Rule.

The district court's adoption of the Forest Service's position that § 2401(a) bars a facial challenge to a regulation more than six years after it is first adopted, no matter what happens during that six year period, yields a result that Congress surely never intended:  some agency regulations will escape the possibility of judicial review entirely. The Forest Service's answer is that this harsh result is compelled because § 2401(a) is "jurisdictional" and does not allow courts to make equitable exceptions.

But recent Supreme Court decisions, recognizing that courts "should not lightly attach those 'drastic' consequences to limits that Congress has enacted," *Gonzalez v. Thaler*, 131 S. Ct. 641, 648 (2012) (quoting *Henderson ex rel. Henderson v. Shineski*, 131 S. Ct. 1197, 1202 (2011)), have held that "filing deadlines"—like § 2401(a)—"ordinarily are not jurisdictional" but are instead

considered " 'quintessential claim-processing rules.' " *Sebelius v. Auburn Regional Med. Ctr.*, 133 S. Ct. 817, 825 (2013) (quoting *Henderson*, 131 S. Ct. at 1203).

Thus when faced with an assertion that a procedural rule is really jurisdictional, courts must ask "whether Congress has 'clearly state[d]' that the rule is jurisdictional; absent such a clear statement . . . 'courts should treat the restriction as nonjurisdictional in character.' " *Auburn Regional Med. Ctr*., 133 S. Ct. at 824 (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 516 (2006)). Neither the text nor context of § 2401(a) show a clear statement from Congress that the limitations period is intended to limit the federal courts' jurisdiction. And because § 2401(a) is not jurisdictional, there is a rebuttable presumption that equitable tolling is permitted. *Holland v. Florida*, 130 S. Ct. at 2560 (2010) (citing *Irwin*, 498 U.S. at 95 – 96). The Forest Service cannot rebut this presumption: both the language and basic purpose of § 2401(a) are consistent with allowing equitable tolling when justice requires. The facts described in the complaint, deemed true for purposes of a motion to dismiss, justify equitable tolling in this case.

Alaska's claims are timely for another reason:  a new right of action accrued when the Roadless Rule was reinstated in September 2006. In this case, the Forest Service initiated two decision-making processes, considering whether to exempt the Alaska Forests from the Roadless Rule, 68 Fed. Reg. 41864,  and whether to change the Roadless Rule entirely, 66 Fed. Reg. 35918. This process of

10

reconsideration led the Forest Service to repeal the Roadless Rule, 70 Fed. Reg. 25655 – 56, but ultimately resulted in the reinstatement of the Roadless Rule in September 2006. *California v. U.S. Dep't of Agric.*, 459 F. Supp. 2d at 917. At this point, a new right of action accrued, triggering a new six-year limitations period under § 2401(a).

This new right of action may be substantively identical to the one that led the State to file suit in 2001, but substantive similarity does not preclude separate existence. This Court has repeatedly held under the re-opening doctrine that a new limitation period is triggered when an agency reopens consideration of an existing rule, and the rule is reaffirmed—even though an identical challenge could have been brought before. *See P & V Enters. v. U.S. Army Corps of Engineers*, 516 F.3d 1021, 1023 (D.C. Cir. 2008) ("The reopening doctrine allows an otherwise stale challenge to proceed because 'the agency opened the issue up anew,' and then 'reexamined … and reaffirmed its [prior] decision.' " (quoting *Pub. Citizen v. Nuclear Reg. Comm'n*, 901 F.2d 147, 150 – 51 (D.C. Cir. 1990)). When the Forest Service's process of reconsideration led it to repeal the Roadless Rule in May 2005, it wiped the slate clean of all prior and pending legal challenges to the rule, terminating the original right of action. Thus, the reinstatement of the Roadless Rule yielded a new right of action in September 2006, and the State's complaint is timely. To rule otherwise is to adopt an interpretation of § 2401(a) that permits

11

executive branch decision-making to completely escape the possibility of judicial review. The Court should therefore reverse the district court's order, vacate the judgment, and remand for further proceedings.

## ARGUMENT

**I.    28 U.S.C. § 2401(a)'s six-year limitations period may be equitably tolled.**

Because there are no specific limitations periods applicable to the claims stated in the State's complaint, these claims are governed by the general statute of limitations for claims against the United States, 28 U.S.C. § 2401(a). Section 2401 provides in full:

> (a) Except as provided by chapter 71 of title 41, every civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues. The action of any person under legal disability or beyond the seas at the time the claim accrues may be commenced within three years after the disability ceases.

> (b) A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

The State challenged the Roadless Rule shortly after it was first adopted in January 2001 and obtained favorable relief in the form of a rulemaking process to permanently exempt Alaska's Forests from the Roadless Rule's application and then in the Forest Service's repeal of the Roadless Rule altogether. But that relief was vitiated when a federal district court in California reinstated the Roadless Rule

12

on September 20, 2006. The state argued below that the limitations period should be tolled from the time it originally filed suit until the reinstatement of the Roadless Rule. The district court did not consider whether equitable tolling is warranted because it believed itself bound by this Court's decision in *Spannaus*, 842 F.2d at 55, ruling that § 2401(a) is jurisdictional. But the U.S. Supreme Court's recent cases show that § 2401(a) should not be considered jurisdictional and thus should permit equitable tolling. Accordingly, this Court should vacate the district court's judgment and remand for consideration of whether the unusual circumstances of this case warrant tolling.

### A.     Section 2401(a) is a non-jurisdictional statute of limitations subject to equitable tolling.

#### 1.     Filing deadlines, like other procedural rules, are considered non-jurisdictional unless Congress clearly states otherwise.

In the past quarter century, the Supreme Court has fundamentally changed its approach to determining which procedural requirements are "jurisdictional" and which procedural requirements may be waived or subject to equitable exceptions. In its 1990 decision In *Irwin v. Department of Veterans Affairs*, 498 U.S. 89 (1990), the Court observed that its "previous cases dealing with the effects of time limits in suits against the Government have not been entirely consistent" and proceeded to "adopt a more general rule to govern the applicability of equitable tolling in suits against the government." *Id.* at 94, 95. The Court ruled that

13

although the statute of limitations was a condition on the waiver of sovereign immunity, it is "likely a realistic assessment of legislative intent" to allow equitable tolling in claims against the government in the same way that equitable tolling is permitted in suits against private parties. *Id.* at 95. It therefore held that "the same rebuttable presumption of equitable tolling applicable to suits against private defendants should also apply to suits against the United States." *Id.* at 95 – 96. In subsequent decisions, the Court has more often than not held that filing deadlines for claims against the United States are not jurisdictional. *Auburn Regional Med. Ctr.*, 133 S. Ct. at 826; *Henderson*, 131 S. Ct. at 1205 – 06; *Scarborough v. Principi*, 541 U.S. 401, 414 (2004); *accord Bowen v. City of New York*, 476 U.S. 467, 478 & n.10 (1986). *But see John R. Sand & Gravel v. United States*, 552 U.S. 130, 138 – 39 (2008); *Bowles v. Russell*, 551 U.S. 205, 211 (2007).

In this series of cases, the Court "has endeavored … to 'bring some discipline' to the use of the term 'jurisdictional,' " *Gonzalez*, 132 S. Ct. at 648 (citing *Henderson*, 131 S. Ct. at 1202 – 03), by distinguishing between limits on the subject-matter jurisdiction of the courts and the procedural rules for adjudicating claims in which courts have subject-matter jurisdiction. It has "pressed a stricter distinction between truly jurisdictional rules, which govern 'a court's adjudicatory authority,' and 'nonjurisdictional claim-processing rules,'

14

which do not." *Gonzalez*, 132 S. Ct. at 648 (quoting *Kontrick v. Ryan*, 540 U.S. 443, 454–55 (2004)). "Accordingly, the term 'jurisdictional' properly applies only to 'prescriptions delineating the classes of cases (subject-matter jurisdiction) and the persons (personal jurisdiction)' implicating that authority." *Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 160–61 (2010).

"Filing deadlines"—like § 2401(a)—"ordinarily are not jurisdictional; indeed, [the Court] has described them as 'quintessential claim-processing rules.' " *Auburn Regional Med. Ctr.*, 133 S. Ct. at 825 (quoting *Henderson*, 131 S. Ct. at 1203). Therefore, courts may treat a filing deadline as jurisdictional only if "Congress has 'clearly state[d]' that the rule is jurisdictional; absent such a clear statement … 'courts should treat the restriction as nonjurisdictional in character.' " *Auburn Regional Med. Ctr.*, 133 S. Ct. at 824 (quoting *Arbaugh*, 546 U.S. at 515–16).

> ### 2.      Section 2401(a)'s text does not clearly state it is jurisdictional.

Congress did not clearly state that § 2401(a) is intended to be jurisdictional. Congress need not "incant magic words in order to speak clearly," and " 'context, including this Court's interpretations of similar provisions in many years past,' " may be probative of Congressional intent, *Auburn Regional Med. Ctr.,* 133 S. Ct. at 824 (quoting *Reed Elsevier, Inc. v. Muchnick,* 559 U.S. 154, 168 (2010)). But neither the statute's text nor its context evince a Congressional intent that federal

15

courts have no power to excuse non-compliance with the limitations period, even if the defendant does not complain or fairness would require it.

Most tellingly, the statute does not refer to the jurisdiction or the power of the federal courts. When Congress has delineated the scope of the federal courts' subject matter jurisdiction, it has done so in express jurisdictional terms. *E.g.*, 28 U.S.C. § 1331 ("The district courts *shall have original jurisdiction* of all civil actions arising under the Constitution, laws, or treaties of the United States."); 28 U.S.C. § 1332 ("The district courts *shall have original jurisdiction* in all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between … citizens of different states …" but "*shall decline to exercise jurisdiction*" over certain types of class action suits); 28 U.S.C. § 1334 ("The district courts s*hall have original jurisdiction* of any civil action to recover possession of any office, except that of elector of President or Vice President, United States Senator, Representative in or delegate of Congress, or member of a state legislature," but *"[t]he jurisdiction under this section shall extend only so far* as to determine the rights of the parties to office by reason of the denial of the right, guaranteed by the Constitution of the United States and secured by any law, to enforce the right of the citizens of the United States to vote in all the States.") (emphasis added). Although Congress "need not incant magic words in order to speak clearly," *Auburn Regional Med. Ctr.,* 133 S. Ct. at 824, it is more

16

difficult to see a clear Congressional purpose to limit the courts' jurisdiction when Congress chose not to use the word it used in other statutes to accomplish that very purpose.

The words that Congress did choose do not show a clear intent that the courts shall have no power to excuse non-compliance with the limitations period. Section 2401(a) provides that a claim "shall be barred" if not filed within six years after the claim accrues. Although the words "shall be barred" are mandatory, the Supreme Court "ha[s] rejected the notion that 'all mandatory prescriptions, however emphatic, are … properly typed jurisdictional.' " *Henderson*, 131 S. Ct. at 1205 (quoting *Union Pacific R. Co. v. Brotherhood of Locomotive Engineers and Trainmen General Committee of Adjustment, Central Region*, 558 U.S. 67, 81 (2009)). And while mandatory, "shall be barred" is phrased in the passive voice. It is not necessarily a mandatory directive to the court to bar the claim; it is just as likely interpreted as a directive to the United States to bar the claim by asserting the limitations defense. *See* Black's Law Dictionary, "bar" (9th ed. 2010) ("To prevent, esp. by legal objection <the statute of limitations barred the plaintiff's wrongful-death claim>."); *Kwai Fun Wong v. Beebe*, 732 F.3d 1030, 1040–41 (9th Cir. 2013) (en banc) (ruling § 2401(b) is not jurisdictional). This interpretation is supported by the provision's second sentence, also phrased in the passive voice, which reads as a directive to the plaintiff:  "The action of any person under legal

17

disability or beyond the seas at the time the claim accrues *may be commenced* within three years after the disability ceases." § 2401(a) (emphasis added). The Supreme Court has ruled that the language of the copyright act's claim-filing requirement, which like § 2401(a) is both mandatory and uses the passive voice, is not jurisdictional. *Reed Elsevier*, 559 U.S. at 154 (ruling 17 U.S.C. § 411(a), which provides that "no civil infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made" is not a jurisdictional pre-requisite to copyright infringement claim). Section 2401(a)'s language, while mandatory, does not clearly prohibit courts from hearing claims that do not strictly comply with its terms.

In fact, the Supreme Court has already decided that this language does not show clear intent to preclude equitable exceptions. In *Irwin*, 498 U.S. 89, the Court ruled that the statute of limitations for Title VII claims, 42 U.S.C. § 2000e-16(c), is subject to equitable tolling. *Id.* at 95. In doing so, it compared that statute to the statute of limitations for claims in the United States Court of Claims, 28 U.S.C. § 2501. Whereas § 2000e-16(c) provided at the time that "within thirty days of receipt of official notice of final action … an employee … may file a civil action," *Irwin*, 498 U.S. at 94, § 2501 provided (like § 2401(a) does) that every claim "shall be barred" unless filed "within six years." 28 U.S.C. § 2501. The Court rejected the argument that the arguably "more stringent" language in the

18

latter provision "is enough to manifest a different congressional intent" with respect to the courts' power to permit equitable exceptions.

As the *Irwin* Court acknowledged, it had previously ruled § 2501 "jurisdictional" and thus not subject to equitable tolling in a much earlier decision. *Soriano v. United States*, 352 U.S. 270, 275–76 (1957). But what is noteworthy is that the Court in *Irwin* saw no material difference in the text of § 2501 and the Title VII statute, but still concluded that the latter statute was not jurisdictional. Consequently, the court saw no intent to disallow equitable exceptions in the *text* of § 2501.[1] To the contrary, the Court concluded it was a "realistic assessment of legislative intent" to rule that materially similar language permitted equitable exceptions. *Irwin*, 498 U.S. at 95. In other words, the Court has already considered the prescription that "every claim … shall be barred" if not filed within six years of accrual and has not read it as a clear statement that Congress intends the limitations period to be jurisdictional.

Section 2401(a)'s limited exceptions for the claims of persons under legal disability and beyond the seas do not clearly show that § 2401(a) was intended to

---

[1]     In *Soriano* the Court ruled that § 2501 is jurisdictional not because the language of the Statute showed a clear Congressional intent, but because it viewed the provision as tied to the United States' waiver of sovereign immunity and thus not subject to any exceptions. 352 U.S. at 276 ("[T]his Court has long ago decided that limitations and conditions upon which the Government consents to be sued must be strictly observed and exceptions thereto are not to be implied.") As discussed above, the Court has since abandoned that approach.

define the courts' jurisdiction, but rather show Congressional intent that the statute of limitations not operate to preclude an otherwise meritorious lawsuit due to circumstances outside the claimant's control. In *Reed Elsevier v. Muchnick*, the Court ruled the statutory requirement of pre-registering a copyright before filing an infringement claim was not jurisdictional in part because the act allowed the court to adjudicate infringement claims involving unregistered works in certain circumstances: "It would be at least unusual to ascribe jurisdictional significance to a condition subject to these sorts of exceptions." 559 U.S. at 165. Likewise, it would be unusual for Congress to make exceptions to protect the rights of certain litigants from unduly harsh operation of the limitations period but to intend that the courts should have no power to make similar exceptions when the interests of justice require. The statutory exception is thus no clear signal that Congress intended the federal courts to have no power to make others.

### 3. The context surrounding § 2401(a) confirms that it is not jurisdictional.

The context of § 2401—in other words, the Supreme Court's interpretations of similar provisions, *Auburn Regional Med. Ctr.*, 133 S. Ct. at 824—does not supply the clear statement of jurisdictional status that is absent in the text. Before the sea-change in the Supreme Court's approach to determining the jurisdictional status of procedural rules, rules for adjudicating claims against the United States were considered jurisdictional because they were tied to the United States' waiver

20

of sovereign immunity; they therefore were strictly construed and held to permit no equitable exceptions. *See, e.g., Soriano*, 352 U.S. at 276 ("[T]his Court has long decided that limitations and conditions upon which the Government consents to be sued must be strictly observed and exceptions thereto are not to be implied."). This Court's *Spannaus* decision relied expressly on that logic in referring to § 2401(a) as a jurisdictional restriction. 824 F.2d at 55 (citing *Soriano*, 352 U.S. at 276).

But the Supreme Court has abandoned that approach, no longer applying the strict construction rule to procedural requirements for adjudicating claims against the United States. In *Irwin*, the Court described the statute of limitations as a "condition on the waiver of sovereign immunity" but recognized that once Congress has expressly waived sovereign immunity, "making the rule of equitable tolling applicable to suits against the Government, in the same way that it is applicable to private suits, amounts to little, if any, broadening of the congressional waiver." *Id.* at 94 – 95. In *Franconia Associates v. United States*, 536 U.S. 129 (2002), the Court rejected the United States' invitation to adopt a special rule of accrual for claims against the United States as "an unduly restrictive reading of the congressional waiver of sovereign immunity." *Id.* at 146. In *Scarborough v. Principi*, 541 U.S. 401 (2004), the Court rejected the government's argument that 28 U.S.C. § 2412's waiver of sovereign immunity from liability for attorney's fees required strict compliance. *Id.* at 419–21. And in subsequent cases involving

21

claims against the United States, the Court did not even mention the rule of strict construction. *See Auburn Regional Med. Ctr.*, 133 S. Ct. 824–26 (holding time limit for filing challenge to Medicaid reimbursement decision nonjurisdictional); *Henderson*, 131 S. Ct. 1204–06 (holding time limit for seeking judicial review of administrative denial of veterans' benefits nonjurisdictional). The evolution in the Court's approach to statutory interpretation reflects the shift in its doctrinal thinking:  procedural rules like statutes of limitation do not define the federal courts' subject-matter jurisdiction.

Since adopting this new approach, the Court has held a claim-processing rule to be jurisdictional only when one of its prior decisions has already so held. In *Bowles v. Russell*, 551 U.S. 205 (2007), the Court ruled that the time limit for appealing the denial of a post-conviction relief claim is jurisdictional because the Court has "long held" that filing an appeal within the prescribed time limit is jurisdictional and the Court's more recent rulings did not call those holdings into question. Likewise, in *John R. Sand & Gravel Co. v. United States*, 552 U.S. 130 (2008), the Court ruled on grounds of *stare decisis* that the limitations period for bringing suits against the United States in the U.S. Court of Claims, 28 U.S.C. § 2501, is jurisdictional. 552 U.S. at 138–39. It suggested that because Congress had not revised the statute in response to *Soriano* and earlier rulings holding § 2501 jurisdictional, it could infer Congressional agreement with those rulings. *Id.*

22

at 137–38. The Court acknowledged that those earlier decisions "reflected a

different judicial assumption" about Congressional intent and were out of step with

its current approach, *id.* at 139, but declined to overrule them by quoting Justice

Brandeis's observation that "in most matters it is more important that the

applicable rule of law be settled than that it be settled right." *Id.* at 139 (quoting

*Burnet v. Coronado Oil & Gas. Co.*, 285 U.S. 393, 406 (1932) (dissenting

opinion)).

As vestiges of the Supreme Court's now-abandoned approach, neither

*Bowles* nor *John R. Sand & Gravel Co.* support a ruling that § 2401(a) is

jurisdictional.[2] The Supreme Court has never held § 2401(a) to be jurisdictional, so

the rule of *stare decisis* does not apply and no inference of Congressional intent to

that effect can be drawn. Nor has the Supreme Court long held that this entire class

---

[2]     It is important to note that the Supreme Court has not adhered to the
reasoning of *Bowles*. In the 2004 *Scarborough* decision, the Court stated that
"[c]larity would be facilitated if courts and litigants used the label 'jurisdictional'
not for claim-processing rules, but only for prescriptions delineating the classes of
cases (subject-matter jurisdiction) . . . falling within a court's adjudicatory
authority." 541 U.S. at 413–14. The majority in *Bowles* reasoned that a "class of
cases" for purposes of subject-matter jurisdiction may be defined in terms of those
cases timely under the limitations period: "an otherwise legitimate 'class of cases'
after a certain period has elapsed from final judgment." 551 U.S. at 212. By that
logic, every procedural requirement is jurisdictional, because each requirement
creates two "classes of cases"—those cases that meet its criteria, and those that do
not. But that is the very logic that the Supreme Court's recent decisions have
rejected in attempting to "ward off profligate use of the term 'jurisdiction' " by
determining whether Congress has "clearly stated that the rule is jurisdictional."
*Auburn Regional Med. Ctr.*, 133 S. Ct. at 824 (internal quotation marks omitted).

23

of procedural rules—statutes of limitations against the United States—is

jurisdictional, as was the case in *Bowles*. To the contrary, the Court has repeatedly

ruled that statutes of limitations for claims against the United States are

nonjurisdictional. *Auburn Regional Med. Ctr.*, 133 S. Ct. at 825 – 26; *Henderson*,

131 S. Ct. at 1204 – 06; *Scarborough*, 541 U.S. at 414; *Irwin*, 498 U.S. at 95 - 96;

*Bowen*, 476 U.S. at 478 & n.10. The Supreme Court's decisions therefore do not

indicate a clear Congressional intent that § 2401(a) count as jurisdictional any

more than the statute's text does.

### B. The Forest Service cannot rebut the presumption that § 2401(a) allows equitable tolling.

Because there is no clear statement in § 2401(a)'s text or in decisions

interpreting similar provisions that Congress intended §2401(a) to be jurisdictional,

it is subject to a presumption of equitable tolling. *Holland*, 130 S. Ct. at 2560

(citing *Irwin*, 498 U.S. at 95 – 96). The presumption is strengthened when

equitable principles have traditionally applied in the substantive law subject to the

limitations provision, because courts "will'not construe a statute to displace courts'

traditional equitable authority absent the 'clearest command.' "*Holland*, 130 S. Ct.

at 2560 (quoting *Miller v. French*, 530 U.S. 327, 340 (2000)). That especially

strong presumption applies here, because § 2401(a) is the general statute of

limitations for claims against the United States and therefore "applies to all civil

24

actions whether legal, equitable, or mixed." *Kendall v. Army Bd. for Correction of Military Records*, 996 F.2d 362, 365 (D.C. Cir. 1993).

Although in some cases the presumption of tolling may be rebutted by the statute's "textual characteristics" or "basic purposes," *Holland*, 130 S. Ct. at 2562, neither text nor purpose rebut the presumption here. Section 2401(a)'s text does not rebut the presumption of tolling any more than it offers a clear statement delimiting the federal courts' jurisdiction. As discussed above, the passive phrase "shall be barred" is not necessarily a directive to courts, and the Supreme Court in *Irwin* concluded it indicated no conclusive Congressional intent to preclude equitable tolling. 498 U.S. at 95 (discussed *supra* at section I.A.2). And the existing statutory tolling for persons under legal disability does not show that Congress intended to preclude *other* forms of tolling. In *Holland v. Florida*, the Supreme Court rejected the argument that statutory tolling in 28 U.S.C. § 2244's one-year time limit for filing post-conviction relief claims in federal court rebutted the presumption that equitable tolling was permitted. 130 S. Ct. at 2561 – 62; *accord Young v. United States*, 535 U.S. 43, 53 (2002) (rejecting argument that express statutory tolling provision for one "lookback period" in bankruptcy proceeding demonstrates intent not to allow tolling of other "lookback period" in the same section of the bankruptcy code).

25

Section 2401(a)'s basic purposes are not inconsistent with tolling. The presumption of tolling may be rebutted if the policy goals or substantive provisions of the area of law to which the limitations period pertains would be frustrated by tolling. For example, the Supreme Court declined to permit equitable tolling of the limitations period for tax refund claims because the complex statutory scheme for refund claims would have thrown awry if tolling were permitted. *United States v. Brockamp*, 519 U.S. 347, 350 – 52 (1997). And in *United States v. Beggerly*, 524 U.S. 38 (1998), the Court declined to allow equitable tolling of the limitations period for claims under the Quiet Title Act, 28 U.S.C. § 2409(a), because tolling, in combination with the unusually generous 12-year limitations period, would frustrate the Act's purpose because "[i]t is of special importance that landowners know with certainty what their rights are, and the period during which those rights may be subject to challenge." *Id.* at 49. By contrast, § 2401(a) does not pertain to any specialized statutory scheme that might be incompatible with tolling. Although § 2401(a) serves the broad purpose of ensuring timely resolution of claims against the United States, this general purpose is not inconsistent with tolling when the interests of justice require. In *Holland*, the Court held that equitable tolling is not inconsistent with the stringent time limits for federal habeas petitions created by the Anti-terrorism and Effective Death Penalty Act, even though the Act's very purpose is "eliminate[ing] delays in the federal habeas review process." 130 S. Ct.

at 2562. If tolling is not inconsistent with the federal habeas scheme, then it is not inconsistent with the general goal of orderly adjudication of claims against the United States. In short, neither § 2401(a)'s text nor its purpose rebuts the presumption of equitable tolling.

In *Chung v. United States Department of Justice*, 333 F.3d 273 (D.C. Cir. 2003), this Court raised the possibility that the presumption of equitable tolling applies only to suits against the United States when an analogous private cause of action exists. *Id.* at 275–77. The Court rejected the government's argument that the presumption of equitable tolling applies only to statutes authorizing a right of action against both private parties and the government, like Title VII. *Id.* at 276. But it read the Supreme Court's decision in *Brockamp*, 519 U.S. 347, to apply the presumption of equitable tolling only if the injury to be redressed is "of a type familiar to private litigation." *Id.* at 277. In dicta, the Court stated that "[a] petition for review of an informal agency rulemaking would not likely meet that test." *Id.* at 277.

But the Supreme Court's decision in *Holland v. Florida*, 130 S. Ct. 2549, clarified that no such rule exists. In that case, the Supreme Court held that the presumption of tolling applied to the filing deadline for an inmate's post-conviction relief petition. *Id.* at 2560. There is no private analog to a habeas corpus

27

petition; thus the presumption of equitable tolling applies to suits against the United States even when no analogous private cause of action exists.

## II. The State's lawsuit is timely because its complaint was filed less than six years after its right of action first accrued.

Regardless of whether equitable tolling is available under § 2401(a), the State's complaint is timely because it was filed less than six years after its right of action accrued. The State's right of action accrued on September 20, 2006, when the Roadless Rule was reinstated. Although the Roadless Rule was first adopted in 2001, the Forest Service reopened that decision by initiating new rulemakings to exempt the Alaska forests and then to repeal the Roadless Rule entirely. 66 Fed. Reg. 35918, 68 Fed. Reg. 41864. That reconsideration process culminated in the reinstatement of the Roadless on September 2006. *California v. U.S. Dep't of Agric.*, 459 F. Supp. 2d at 917. A new right of action accrued on that date, and the State's complaint—filed less than six years later on June 16, 2011—is therefore timely.

"The reopening doctrine allows an otherwise stale challenge to proceed because 'the agency opened the issue up anew,' and then 'reexamined … and reaffirmed its [prior] decision.' " *P & V Enters. v. U.S. Army Corps of Engineers*, 516 F.3d 1021, 1023 (D.C. Cir. 2008) (quoting *Pub. Citizen v. Nuclear Reg. Comm'n*, 901 F.2d 147, 150 – 51 (D.C. Cir. 1990)). "[I]f an agency's response to comments 'explicitly or *implicitly* shows that the agency actually reconsidered the

28

rule, the matter has been reopened,' " starting anew the limitations period.

*Appalachian Power Co. v. E.P.A*, 251 F.3d 1026, 1033 (D.C. Cir. 2001) (quoting

*PanAmSat Corp. v. FCC*, 198 F.3d 890, 897 (D.C. Cir. 1999)) (emphasis in

original).

 The reopening doctrine applies in this case because the Forest Service

reconsidered several facets of the Roadless Rule, both its specific application to

Alaska's national forests and the proper management of roadless areas nationwide.

In accordance with the Forest Service's settlement agreement with the State, J.A.

57 – 59, the Forest Service issued on July 15, 2003, a proposed rule temporarily

exempting the Tongass, 68 Fed. Reg. 75136, and an ANPR to consider

permanently exempting both Alaska forests from the Roadless Rule, 66 Fed. Reg.

41864. In the meantime, the Forest Service was also reconsidering alternatives to

the Roadless Rule itself. The Forest Service ultimately chose to repeal the Roadless

Rule entirely on May 13, 2005, which according to the Forest Service negated the

need to complete the permanent rulemaking process for the Alaska forests. 70 Fed.

Reg. at 25655 – 56, 25659. But due to procedural flaws the California district court

found in the rulemaking, the court reinstated the Roadless Rule on September 20,

2006. *California v. U.S. Dep't of Agriculture*, 459 F. Supp. 2d at 917. The

reinstatement of the Roadless Rule—the direct and final result of the Forest

29

Service's decision to reconsider the rule in the first place—is therefore a reopening that triggers a new six-year statute of limitations for the State's claims.

It should not matter that the reinstatement was by court order rather than by executive action. The elements of an administrative reopener exist: the Forest Service undertook "a serious, substantive reconsideration of the [existing] rule," and the agency "create[d] the opportunity for renewed comment and objection." *P&V. Enters.*, 516 F.3d 1024. When an agency rule is re-opened, members of the public always have a chance to seek judicial review, whether the original rule is retained or a new rule adopted. Had the Forest Service terminated its reconsideration process by reaffirming the Roadless Rule itself, there is no question it would have created a new cause of action. The ultimate result here is no different—the State is subject to a regulation that it alleges violates acts of Congress and is the product of a flawed rulemaking process.

The Forest Service's position that no new cause of action accrued when the Roadless Rule was reopened and then reinstated is not well taken. When the Forest Service repealed the Roadless Rule, it wiped the slate clean of the legal remedies the parties had obtained to protect themselves from that rule. The rulemaking to permanently exempt the Alaska forests from the rule was halted. 70 Fed. Reg. at 25659. The nationwide injunction the State of Wyoming had obtained was vacated and the appeal of that decision dismissed as moot by the Tenth Circuit. *Wyoming v.*

30

*U.S. Dep't of Agric.*, 414 F.3d at 1213. But even though the Forest Service itself

prevented judicial review of the Roadless Rule in the first place (without

completing the Alaska-specific rulemaking contemplated in the settlement), the

Forest Service *now* takes the position that the reinstatement of the Roadless Rule

(due to its own procedural errors), which vitiated the relief anticipated in the

settlement, should not trigger a new period for obtaining judicial review. Reply on

Mot. to Dismiss, Dkt. 52, p. 1. Under the Forest Service's theory, if the California

district court's reinstatement of the Roadless Rule had happened only four months

later, there would have been no opportunity for any litigant whose case was

mooted by the repeal to obtain judicial review of the newly reinstated rule.[3] Even

the State of Wyoming, which had obtained a permanent injunction against the

Roadless Rule in its first lawsuit, would have been barred from any further judicial

review—an absurd result.

Accepting this position would be to interpret § 2401(a) in a way that permits

some regulations to escape the possibility of judicial review entirely. If the

executive branch, after election or policy shift, repeals or replaces a recently-

adopted rule while cases challenging that rule are pending, the pending challenges

would likely be dismissed as moot, and lower court decisions vacated, as they were

---

[3]     Indeed, the State had no opportunity until May 2011 to assert claims specific
to the Tongass National Forest, such as the Tongass Timber Relief Act Claim as
well as NEPA and other procedural claims arising from the Forest Service's flawed
consideration of the Tongass. J.A. 42, 45 – 47, 49 – 50.

31

in this case. A later court decision invalidating the repeal or replacement, and reinstating the old rule, may occur more than six years after the old rule was first adopted. The old rule would be immune from facial challenge by any potential litigant.

"[I]nterpretations of a statute which would produce absurd results are to be avoided if alternative interpretations consistent with the legislative purpose are available." *Griffin v. Oceanic Contractors, Inc.*, 458 U.S. 564, 575 (1982). Executive branch immunity from facial judicial review due solely to the vicissitudes of litigation cannot be what Congress intended in making the right to challenge executive branch actions subject to § 2401(a).

The Forest Service's position is also inconsistent with this Court's decisions defining when an action "first accrues" to avoid precluding entirely the possibility of judicial review. In *Spannaus v. United States Department of Justice*, 824 F.2d 52 (D.C. Cir. 1987), this Court ruled that a cause of action does not accrue before a person may maintain an action in court: "That a statute of limitations cannot begin to run against a plaintiff *before* the plaintiff can maintain a suit in court seems virtually axiomatic." *Id.* at 56 n.3 (emphasis in original). Accordingly, in *Muwekma Ohlone Tribe v. Salazar*, 708 F.3d 209 (D.C. Cir. 2013), the Court reversed a district court ruling that a claim was untimely on the grounds that it did not accrue until the claimant had exhausted his administrative remedies. *Id.* at 218

32

– 19.[4] In construing other statutes of limitations, the Court has refused to accept an agency's position that the date of accrual be interpreted in a way that would preclude the possibility of review entirely. *Cf. Nat'l Treasury Employees Union v. Fed. Labor Relations Auth.*, 392 F.3d 49, 501 (D.C. Cir. 2004) ("If we were to accept the Authority's interpretation, we would be left with the absurd situation of charges that could never be filed because the limitations period would expire before they became ripe."). If it is "axiomatic" that the limitations period on a right of action should not run before a suit may be maintained in court, it should be equally axiomatic that the period of limitation should not be construed in a way to preclude entirely the possibility of judicial review. Therefore, the Court should rule that the reinstatement of the Roadless Rule in September 2006 caused a new right of action to accrue under § 2401(a) and that Alaska's complaint is timely.

## CONCLUSION

For the reasons stated, this Court should rule that Alaska's complaint was timely filed within 28 U.S.C. § 2401(a)'s six-year limitations period and vacate the judgment of the district court. Alternatively, the Court should reverse the district's court's ruling that 28 U.S.C. § 2401(a) does not permit equitable tolling, vacate the

---

[4]     In line with these decisions, in the recent decision in *Appalachian Voices et al. v. McCarthy*, the district court ruled that when a claim "first accrues" under § 2401(a) can be determined by reference to the continuing violation doctrine. Civ. Action 12-0523 (RBW), 2013 WL 5797633, *7 (D.D.C. Oct. 29, 2013).

judgment below, and remand for consideration of whether the State's claims

should be equitably tolled.

DATED November 25, 2013.

MICHAEL C. GERAGHTY
ATTORNEY GENERAL


By:     /s/ Dario Borghesan
Dario Borghesan
Assistant Attorney General
Alaska Department of Law
1031 W. 4th Avenue, Suite 200
Anchorage, AK 99501
(907) 269-5232


Thomas E. Lenhart
Assistant Attorney General
Alaska Department of Law
PO Box 110300
Juneau, AK 99811-0300
(907) 465-5370


Mark C. Rutzick
MARK C. RUTZICK, INC.
12402 Myra Virginia Court
Oak Hill, VA 20171
(703) 870-7347
*Counsel for Alaska Forest
Association*

Julie A. Weis
HAGLUND KELLEY HORNGREN
JONES & WILDER LLP
200 SW Market Street, Suite 1777
Portland, OR 97201
(503) 225-0777
weis@hk-law.com
*Counsel for Alaska Forest
Association*


James F. Clark, III
1109 C Street
Juneau, AK 99801
(907) 586-0122
*Counsel for Alaska Electric Light &
Power*


Steven W. Silver
Robertson Monagle and Eastaugh
1810 Samuel Morse Drive, Suite 202
Reston, VA 20190
(703) 527-4414
ssilver628@aol.com
*Counsel for Alaska Electric Light &
Power*

## CERTIFICATE OF COMPLIANCE WITH RULE 32 (A)

1.      This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(6), *as modified by the Court's Order dated October 3, 2013*, because:

      ☒      this brief contains 8283 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(6).

2.      This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

      ☒      this brief has been prepared in a proportionally spaced typeface using Word 2010 in Times New Roman 14-point font, or

/s/ Dario Borghesan
Attorney for State of Alaska
Dated:  November 25, 2013

36

## CERTIFICATE OF SERVICE

I hereby certify that on November 25, 2013, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the District of Columbia Circuit by using the appellate CM/ECF system.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

/s/ Dario Borghesan